**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTHUR C. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1992 SPM |
| | ) | |
| BARON MCCORMACK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint and his motion for appointment of counsel.  Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  For the reasons discussed below, the Court concludes that it lacks subject-matter jurisdiction and that dismissal is mandated.

### The Complaint

In the amended complaint, plaintiff alleges that defendant, his landlord, entered his apartment without giving him advance notice.  Plaintiff claims that he was "having trouble with people coming in [his] apartment while [he was] away, stealing money w/ winning lottery tickets using their passkey." Plaintiff further asserts that defendant "knew [he] was alone and took advantage of [his] situation."  Plaintiff

seeks restitution for the period of time he lived in the apartment during which his privacy was violated.

## Discussion

In the amended complaint, plaintiff does not state the jurisdictional grounds for filing this action in federal court. Plaintiff submits his allegations on a form titled "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983." However, plaintiff is not a prisoner. In the body of the amended complaint, plaintiff does not refer to any federal laws or constitutionally-protected rights that Baron McCormack has violated. Further, there is no allegation that defendant is a state actor such that it could be held liable under § 1983. See 28 U.S.C. § 1331; Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009) (noting that the essential elements of a claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right).

Also, diversity jurisdiction does not appear to exist under 28 U.S.C. § 1332, given that both plaintiff and defendant are Missouri residents, and the amount in controversy has not been alleged to exceed $75,000, exclusive of interest and costs. As such, the case will be dismissed for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **denied as moot**.

.        Dated this 4th day of January, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE