UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR C. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV1992 SPM |
| | ) |
| BARON MCCORMACK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's amended complaint and his motion for appointment of counsel. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." For the reasons discussed below, the Court concludes that it lacks subject-matter jurisdiction and that dismissal is mandated.

**The Complaint**

In the amended complaint, plaintiff alleges that defendant, his landlord, entered his apartment without giving him advance notice. Plaintiff claims that he was "having trouble with people coming in [his] apartment while [he was] away, stealing money w/ winning lottery tickets using their passkey." Plaintiff further asserts that defendant "knew [he] was alone and took advantage of [his] situation." Plaintiff

seeks restitution for the period of time he lived in the apartment during which his privacy was violated.

## Discussion

In the amended complaint, plaintiff does not state the jurisdictional grounds for filing this action in federal court. Plaintiff submits his allegations on a form titled "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983." However, plaintiff is not a prisoner. In the body of the amended complaint, plaintiff does not refer to any federal laws or constitutionally-protected rights that Baron McCormack has violated. Further, there is no allegation that defendant is a state actor such that it could be held liable under § 1983. See 28 U.S.C. § 1331; Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009) (noting that the essential elements of a claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right).

Also, diversity jurisdiction does not appear to exist under 28 U.S.C. § 1332, given that both plaintiff and defendant are Missouri residents, and the amount in controversy has not been alleged to exceed $75,000, exclusive of interest and costs. As such, the case will be dismissed for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **denied as moot**.

. Dated this 4th day of January, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE